EMIL GABLER v. CITY OF ELIZABETH.

1. Service of a copy of an execution against a municipal corporation upon the collector or treasurer, under the ninth section of the act respecting executions, must be made by the sheriff or officer authorized to serve legal process.

2. A bailiff, with only a verbal appointment, is not such authorized officer.

On rule to show cause for *mandamus.*

Argued at February Term, 1879, before Justices VAN SYCKEL. KNAPP and DIXON.

For the plaintiff, *W. J. Magie.*

For the defendant, *R. E. Chetwood* and *B. Williamson.*

The opinion of the court was delivered by

KNAPP, J. Judgment was recovered against the city of Elizabeth at the suit of Emil Gabler, and a *fi. fa.* issued thereon, returnable at the February Term, 1879. The writ came to the hands of the sheriff of Union county on the 31st of January, 1879, three days after its teste. The sheriff finding no property of the city to satisfy the debt, a copy of the execution, or what purported to be such, was delivered to the city treasurer on the 1st day of February following, and another to the comptroller on the 3d of the same month. No payment has been made upon the execution by the treasurer

of the city, although it is alleged that since that time money belonging to said city has come to his hands as such treasurer, sufficient to satisfy the execution. Because of such neglect to pay, the plaintiff asks that the treasurer be attached for his neglect, or that a writ of *mandamus* issue to compel payment.

The city, in showing cause against granting either application, first denies that a copy of the execution was served upon the treasurer in the manner directed by law. The ninth section of the act respecting executions (*Rev., p.* 391,) provides that where there shall be no property belonging to the city whereon to levy, sufficient to satisfy an execution against it, "then the officer authorized to execute said process shall serve a copy of the same on the collector of said city, who is hereby required to pay," &c.

The sheriff of the county, or one of his lawfully authorized under-officers, alone has power to execute the writ of *fieri facias* issued out of this court. The service of the copy in cases within the section referred to, is in the orderly execution of the process.

In the case in hand, service was not made by the sheriff, or any under-sheriff, nor by a servant or bailiff holding any written authorization from the sheriff to serve the particular writ, but the writ was delivered to a person clothed with no official authority other than the verbal direction or request of the sheriff to execute it by giving one copy to the treasurer of the city and another to the comptroller, and that person, in the absence of the sheriff, served the copies.

This was not proper execution of the writ, unless parol authority was sufficient and effective to clothe the agent with the sheriff's official power with respect to this execution.

Whatever diversity of opinion might heretofore have existed concerning the power of a sheriff to delegate to his bailiff or servant, by mere words, his authority to serve and execute process, since the decision of the Court of Appeals in the case of *Meyer* v. *Patterson*, 1 *Stew.* 240, that question in this state is settled against the right to confer such power by parol.

I do not think it of slight consequence how the copy shall come to the collector or treasurer. His knowledge of the issuance of the writ would not be sufficient to justify him in making payment. Finding or procuring a copy at his own instance would not be pretended as justifying a departure from the charter requirement of a warrant from the mayor and comptroller before paying out the money of the city. A copy delivered to him by an unauthorized stranger would afford him no better ground for dispensing with the usual warrant.

Where an execution has been issued against the city, and property liable to execution is not found to satisfy it, under said ninth section, the further execution of the writ by service of a copy makes payment by the treasurer an imperative duty. The statute becomes his warrant in substitution of that required by the charter.

The law takes control *pro tanto* of the city funds to administer them, when legal requirements have been complied with.

The city having raised this objection to the manner of executing the writ, which we think fatal to the plaintiff's suit, without looking at the other questions raised and discussed at the hearing, we think the *mandamus* must be refused, and the rule discharged.

No reference was made on the argument of the rule to the supplement to the act concerning executions of March 27th, 1878. *Pamph. L.*, *p.* 182. The provisions of that enactment are, with respect to the officer who shall serve executions against municipal bodies, the same as those of the sections above referred to, and the service of execution made in this case would be equally defective under that act.

The effect of the latter enactment upon the ninth section of the act concerning executions was not discussed by counsel, and need not be here considered.